

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| WILLIE E. NICHOLS; HIKEMA N. NICHOLS; and K.A.T.B, *minor son,* Plaintiffs, | § § § § |
| vs. | §  CIVIL ACTION NO.  3:23-3234-MGL-PJG § § |
| MIKE GREEN, Defendant. | § § |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION, DISMISSING THE ACTION WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS, AND DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs Willie E. Nichols, Hikema N. Nichols, and K.A.T.B, minor son, filed this civil action against Defendant Mike Green (Green).  But, only one plaintiff, Wille E. Nichols, signed the complaint as a pro se plaintiff.

A non-attorney pro se litigant is disallowed from litigating other parties' rights.  *See Myers v. Loudon Cnty. Pub. Sch.*, 418 F.3d, 400 (4th Cir.2005) ("The right to litigate for oneself . . . does not create a coordinate right to litigate for others.").  Furthermore, the record lacks any suggestion Hikema N. Nichols and K.A.T.B. have consented to this action.  In addition, non-attorney parents may not litigate their minor children's claims.  *Id*. at 401 (explaining "non-attorney parents generally may not litigate the claims of their minor children in federal court").

As per Fed. R. Civ. P. 11(a), "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented."  Inasmuch as the complaint fails to conform with the requirements of Rule 11, any mention of the above-listed plaintiffs, other than Willie Nichols (Nichols), is properly stricken and their claims, if any, will be dismissed without prejudice.  Consequently, because the Court has now struck the references to plaintiffs other than Nichols, the Court will reference only him and his claims below.

The matter is before the Court for review of the Report and Recommendation of the United States Magistrate Judge suggesting to the Court this case be dismissed without prejudice and without issuance and service of process for lack of subject matter jurisdiction, and Nichols's motion for a temporary restraining order be denied.  The Report was made pursuant to 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 20, 2023, and Nichols filed his objections on August 2, 2023.  The Court has reviewed the objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

According to the Magistrate Judge,"[t]he instant case is subject to summary dismissal because [Nichols] fails to demonstrate federal jurisdiction over his claim."  Report at 2.

2

In Nichols's objections, he states "Green and his [s]urvey [c]ompany and [c]rew . . . .invaded our privacy and [took] pictures [absent] my consent, took pictures of my home then posted them through Realtor.com for public viewing." Objections at 1. Nichols thus insists the Court has federal question jurisdiction under the Privacy Act of 1974 (the Act).

But, a federal agency is the only proper defendant under the Act and, therefore, individuals may not be named as defendants in such actions. *See* 5 U.S.C. § 552a(g)(1) ("[T]he individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters[.]"); 5 U.S.C. § 551(1) ("[A]gency" means each authority of the Government of the United States[.]"); *Schowengerdt v. General Dynamics Corp.*, 823 F.2d 1328, 1340 (9th Cir. 1987) ("The agency is the only proper party to such a suit; the civil remedy provisions do not apply to individual defendants.").

Inasmuch as Nichols has brought this suit against Green, an individual, as opposed to a federal agency, the Court lacks jurisdiction over any claim he might have under the Act. Thus, the Court will overrule this objection.

Nichols also makes conclusory claims that violations of his constitutional rights give rise to the Court's jurisdiction over this case. "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation omitted) (internal quotation marks omitted). Such is the case here. Consequently, the Court will overrule this objection, too.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Nichols's objections, adopts the Report to the extent it does not contradict this Order, and incorporates it herein. It is thus the judgment of the Court this case is

**DISMISSED WITHOUT PREJUDICE** and without issuance and service of process for lack of subject matter jurisdiction, Nichols's motion for a temporary restraining order is **DENIED**, and his motion for an extension of time to file objections is **GRANTED** nunc pro tunc.

The Clerk is directed to redact the name of K.A.T.B., a minor, from all previous filings.

**IT IS SO ORDERED**.

Signed this 11th day of October, 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Nichols is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.